IN the MATTER OF the BAR ADMISSION OF: Fred
Ellis HORTON, Jr.

Supreme Court

*No. 90-1486-BA. Submitted on briefs October 31,
1990.—Decided November 26, 1990.*

(Also reported in 462 N.W.2d 661.)

For the Board of Attorneys Professional Competence there was a brief by *Burneatta L. Bridge,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

For the petitioner there was a brief by *Fred E. Horton, Jr.,* Eau Claire.

PER CURIAM. *Review of Board of Attorneys Professional Competence decision; decision reversed.*

This is a review, pursuant to SCR 40.08(5), of the decision of the Board of Attorneys Professional Competence (Board) declining to certify Fred Ellis Horton, Jr. for bar admission. The issue in this review is whether the Board properly excluded a portion of Mr. Horton's work as corporate counsel from qualifying in satisfaction of the applicable bar admission rule.

Because we determine that Mr. Horton's work as corporate counsel in Connecticut prior to becoming licensed to practice law in that jurisdiction should have

been included as legal practice in satisfaction of the bar admission requirement, we reverse the decision of the Board. Consequently, we remand the matter to the Board for further action on Mr. Horton's bar admission application consistent with this opinion.

■

Among the qualifications a person seeking bar admission in Wisconsin must meet is a legal competence requirement, which Mr. Horton sought to satisfy by his practice of law in other jurisdictions, pursuant to SCR 40.05.[1] To do so, he had to establish that he had been admitted to the practice of law by a court of last resort in another jurisdiction and, because one of the jurisdictions in which he had practiced, Connecticut, has legal practice bar admission requirements that differ from Wisconsin's, that he has satisfied the legal practice requirements of the Connecticut rule. SCR 40.05(1)(c). Thus, to satisfy the legal competence requirement for bar admission in Wisconsin, Mr. Horton had to establish that he

---

[1]SCR 40.05(1) provides:

**Legal competence requirement: Proof of practice elsewhere.** (1) An applicant shall satisfy the legal competence requirement by presenting to the clerk certification of the board that the applicant has provided all of the following:

(a) Proof of admission to practice law by a court of last resort in any other state or territory or the District of Columbia.

(b) Proof that the applicant has been primarily engaged in the active practice of law in the courts of the United States or another state or territory or the District of Columbia for 3 years within the last 5 years prior to filing application for admission.

(c) If any state, territory or the District of Columbia practice in which is proposed to satisfy the requirement of sub. (b) has, as of the date of the filing of the application, requirements for bar admission in that jurisdiction on the basis of practice in Wisconsin other than those set forth in subs. (a) and (b), proof that the applicant has satisfied those requirements of that state, territory or the District of Columbia.

had "lawfully engaged in the practice of law as [his] principal means of livelihood for at least five of the seven years immediately preceding the date of [his] application.[2]

During the relevant seven-year period, Mr. Horton had been admitted to the practice of law in Iowa and was employed as corporate counsel for a power company there until January, 1983. He then commenced employment as corporate counsel with a utility company in Connecticut, where he continued working in that capacity until November, 1988. After leaving his employment with the company in Connecticut, Mr. Horton was unemployed and conducted a job search, resulting in his employment as an attorney with a Wisconsin utility company beginning in August, 1989, and continuing to the present.

At the time he sought bar admission in Connecticut, the applicable rule required five years of law practice immediately preceding application, as well as a period of six months residency in the state prior to application for bar admission there. Mr. Horton began employment as corporate counsel in January, 1983, satisfied the residency requirement and applied for bar admission in November, 1983. He was granted temporary licensure in October, 1984, which became permanent in November, 1985.

In determining whether he satisfied Connecticut's five-of-seven-year durational practice requirement for the purposes of bar admission in Wisconsin, the Board rejected the portion of Mr. Horton's employment with

[2]In addition, the Connecticut rule, sec. 21 of the Rules of the Superior Court and Regulations of the Bar Examining Committee Governing Admission to the Connecticut Bar, requires an applicant to have been duly licensed to practice law in another jurisdiction and to be in good standing.

the Connecticut utility company that occurred prior to his being licensed to practice law in Connecticut. It also rejected his period of unemployment prior to coming to Wisconsin and his employment as attorney with the Wisconsin utility company. Thus, the Board determined that Mr. Horton's qualifying practice totaled four years, five months, 26 days—just over six months short of the five years needed under the Connecticut rule for admission in Wisconsin. Mr. Horton contended that the Board incorrectly rejected his pre-licensure corporate counsel work in Connecticut, the period of unemployment prior to his coming to Wisconsin and the one-month period he worked as corporate counsel in Wisconsin prior to making application for bar admission.

As the Wisconsin admission rule requires legal service as corporate counsel to be conducted in a state where the applicant is admitted to practice law in order to be deemed the practice of law in satisfaction of the durational practice requirement, SCR 40.05(2),[3] the Board's rejection of Mr. Horton's corporate counsel work in Wisconsin was proper. Likewise proper was its rejection of the period of his unemployment.

With regard to his period of unemployment, Mr. Horton asserted that those nine months were a part of the five-year period specified under the Connecticut rule during which he was required to have been engaged in the practice of law as his "principal means of livelihood." He argued that, because his principal means of livelihood during the five-year period overall was the practice of

[3]SCR 40.05(2) provides: "**Legal competence requirement: Proof of practice elsewhere.** . . . (2) Legal service as corporate counsel or trust officer, if conducted in a state where the applicant was admitted to practice law, may be deemed to be the practice of law for the purposes of sub. (1)(b) and (c)."

law, the Board improperly considered the nine-month period of unemployment a separate period during which the practice of law was not his principal means of livelihood. He further contended that the Connecticut rule's use of the term "principal means of livelihood" implies that some period of time not practicing law would not disqualify an applicant's practice over the span of the five-year period. He asserted that time devoted to seeking new employment is consistent with and analogous to the interruption of legal practice that would occur in the case of an attorney with a second occupation, which he claimed the term "principal means of livelihood" clearly contemplates.

We find this argument without merit. Under Mr. Horton's reasoning, an applicant who had practiced law only two years during a five-year period and was unemployed for the remaining three years and had no other principal means of livelihood would meet the legal practice "principal means of livelihood" test. Mr. Horton's nine-month period of unemployment cannot be included in satisfaction of the five-year practice requirement for the reason that it was a time during which the practice of law was not his principal means of livelihood. The Board properly rejected the period of unemployment and job search as qualifying legal practice.

Regarding his work in Connecticut, the Board concluded that Mr. Horton's legal work as corporate counsel prior to obtaining either a temporary or permanent license was not lawful and, therefore, did not qualify toward satisfaction of the five-year durational practice requirement. That conclusion appears to have been based on the juxtaposition of the provisions in the Connecticut rule requiring an applicant to have been duly licensed to practice law before the highest court of another jurisdiction and to have "lawfully engaged in the

practice of law" for at least five of the seven years immediately preceding application for bar admission.

However, the conclusion that Mr. Horton's pre-licensure corporate legal work was not lawful does not necessarily follow from the language of the rule. As the Board acknowledged, neither the current Connecticut rule requiring five years of practice out of the seven years preceding application nor the admission rule applied to Mr. Horton requiring five years of practice immediately preceding application specifically addresses legal experience as corporate counsel or whether such experience prior to licensure qualifies in satisfaction of the durational practice requirement for bar admission. Under the Wisconsin rule, it would not but the rule Mr. Horton must satisfy is Connecticut's, not Wisconsin's.

Mr. Horton argued that his admission to the Connecticut bar supports an inference that his pre-licensure corporate counsel work in that state did qualify in satisfaction of the five-year durational practice requirement. He based that argument on the rules then in effect that required an applicant to have practiced for five years *immediately preceding* application for admission and, at the same time, required a person to establish six months' residency in the state prior to making application. Thus, he contended, the six months he had spent establishing residency prior to making application for bar admission would be part of the five-year period immediately preceding his application, as would the remainder of the 11-month period he worked as corporate counsel prior to making application for admission to the Connecticut bar. So, too, would the eight-month period he had worked as corporate counsel in Iowa prior to being admitted to the bar there.[4]

---

[4]That the six-month residency period was included is not clear in light of the language of sec. 21 (1982) requiring the prac-

Consequently, Mr. Horton argued, in order to admit him to the practice of law, Connecticut must have accepted his pre-licensure corporate legal work as the lawful practice of law in satisfaction of its durational practice requirement. On the same basis, then, his work following application but prior to licensure would also have qualified as lawfully engaging in the practice of law.

We are persuaded by Mr. Horton's argument. The inference he asks the court to draw from Connecticut's treatment of his application is not inconsistent with either the Connecticut bar admission rule then in effect or the current rule, as each is silent regarding pre-licensure corporate counsel experience. Further, that inference is not unreasonable merely because, as the Board asserted, there is no evidence in the record establishing precisely which of Mr. Horton's legal experience Connecticut accepted in satisfaction of its durational practice requirement. While the Board, in light of the lack of guidance in the Connecticut rules, may have felt constrained to treat Mr. Horton's pre-licensure corporate counsel work in Connecticut as it would under the Wisconsin rule and therefore rejected it, the inference that Connecticut accepted it is reasonable and could have been drawn by the Board.

On the basis of that reasonable inference and absent specific language in the Connecticut rules addressing the matter or any other evidence in the record establishing pre-licensure corporate legal work in Connecticut as unauthorized or unlawful, we cannot accept the Board's conclusion that Mr. Horton's corporate counsel work prior to licensure in Connecticut was not lawful. We determine that Mr. Horton's work as corporate counsel

---

tice of law for at least five years immediately preceding the date of application, "except for the residence requirements [in this rule]."

for the Connecticut utility company prior to his admission to the Connecticut bar qualifies in satisfaction of the applicable Connecticut durational practice rule. Accordingly, we reverse the decision of the Board declining to certify Mr. Horton for bar admission under SCR 40.05 and remand the matter to the Board for further action consistent with this opinion.